UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-10724-FDS |
| v. | ) ) | |
| NORTHLAND INVESTMENT CORP., CHURCH STREET NEW HAVEN, LLC, NORTHLAND FUND II LP, NORTHLAND FUND II PARTNERS, LLC, CINQUE GREEN LIMITED PARTNERSHIP, and LAWRENCE R. GOTTESDIENER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

**SAYLOR, J.**

This is an action for declaratory judgment as to the obligations of plaintiff Endurance American Specialty Insurance Company under an insurance policy issued to defendant Northland Investment Corp.

### I. Background

Plaintiff filed this action on April 13, 2018. On May 24, 2018, five defendants—Northland Investment Corp.; Church Street New Haven LLC; Northland Fund II, L.P.; Northland Fund II Partners LLC; and Lawrence R. Gottesdiener—moved to dismiss for lack of subject-matter jurisdiction on the ground that there is not complete diversity of citizenship. They assert that Church Street New Haven LLC and Northland Fund II, L.P. both have members who are citizens of New York, which is plaintiff's principal place of business.

An amended complaint was filed on May 30, 2018. Following that, the same five

defendants filed a motion to dismiss the first amended complaint for the same reasons and attaching some additional exhibits.

On June 8, 2018, plaintiff filed (1) a response to the original motion to dismiss, which also requested jurisdictional discovery, and (2) a response to the motion to dismiss the first amended complaint, which complained that that it was filed without consultation as required by Local Rule 7.1 and requested that the Court strike it.

II.     **Analysis**

The original motion to dismiss became moot upon the filing of the amended complaint. It will therefore be denied.

The motion to dismiss the first amended complaint for lack of subject-matter jurisdiction will remain pending. Jurisdictional discovery of the kind plaintiff requests in its opposition would appear to be appropriate under the circumstances. *See BRT Mgmt. LLC v. Malden Storage LLC*, 2017 WL 2726689 (D. Mass. June 23, 2017). However, the parties are directed to meet and confer to determine whether such discovery is required, or whether the necessary information (such as documents reflecting the members of LLCs or LPs and their citizenship) can be produced voluntarily. Plaintiff shall have 14 days from the date of this order to either (1) file a separate motion for jurisdictional discovery, which defendants may then oppose pursuant to Local Rule 7.1(b); (2) file a supplemental opposition to the motion to the dismiss; or (3) voluntarily dismiss the action. The hearing set for July 12, 2018, will remain on the calendar.

Defendants are further advised that they are required to comply with Local Rule 7.1(a)(2) and to consult with plaintiff prior to filing a motion for relief. Plaintiff is further advised that all future requests for relief from this Court must be filed as a separate motion, and not contained in a response to another motion.

## III. Conclusion

Defendants' original motion to dismiss (Docket No. 19) is DENIED as moot. The parties are directed to meet and confer as to jurisdictional discovery issues. Plaintiff shall respond to defendants' motion to dismiss the first amended complaint, in accordance with this order, within 14 days.

**So Ordered.**

Dated: June 14, 2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor, IV
United States District Judge